## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRIDINETWORKS, LTD.,<br> Plaintiff,<br>v.<br>NXP-USA, INC. and NXP B.V.,<br> Defendants. | C.A. No. 19-1062-CFC-CJB |
| TRIDINETWORKS, LTD.,<br> Plaintiff,<br>v.<br>SIGNIFY NORTH AMERICA<br>CORPORATION and SIGNIFY<br>NETHERLANDS B.V.,<br> Defendants. | C.A. No. 19-1063-CFC-CJB |
| TRIDINETWORKS, LTD.,<br> Plaintiff,<br>v.<br>STMICROELECTRONICS, INC.,<br>STMICROELECTRONICS<br>INTERNATIONAL N.V.,<br>and DOE-1 d/b/a<br>"STMICROELECTRONICS",<br> Defendants. | C.A. No. 19-1064-CFC-CJB |

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Plaintiff, with reference to Defendants' "Concise Statement of Undisputed Facts" identified as D.I. 69 in Case No. 19-cv-1063 (and the corresponding statements in Case Nos. 19-cv-1061 and -1062) submits the following statement concerning disputed facts, in opposition to Defendants' motion for summary judgment.

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 1 | The earliest claimed priority date on the face of U.S. Patent No. 8,437,276 ("'276 Patent") is November 29, 2007. | Undisputed. | |
| 2 | The '276 Patent is directed to a "method for wireless and wired networks design, installation and automatic formation including binding of the networks devices by creating logical links between two or more devices." | Disputed. | *See infra*, Nos. 66-69. |
| 3 | Independent claim 1 is directed to "[a] method of design, installation, and formation of a network" comprising steps of "creating a design of said network," "installing said devices according to said created design," and "forming said network and bindings according to said created design." | Disputed. | *See infra*, No. 66. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 4 | A network design is created and stored electronically using a "design system controller with the design application 301 (such as a PC)" and "standard storage means (such as a database or CD)." | Disputed in that it juxtaposes different quotes. | '276 patent,[1] 3:35-37, "The scheme and the binding information may be created by the architectural designer and may be stored in a standard storage means (such as a database or CD)." |
| 5 | During the installation step of claim 1, the network design is "accessed" and configuration data is "downloaded" into a network device being configured. | Disputed, incomplete. | *See, e.g.*, '276 patent, 11:10-18. |
| 6 | Network connections are formed according to claim 1 "by initializing said devices and by reading said downloaded data." | Disputed, incomplete. | *See, e.g.*, '276 patent, 25:6-10. |

---

[1] Attached as Exhibit 1 to Declaration of Ronald Abramson ("Abramson Dec."), filed herewith.

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 7 | The method of claim 1 employs a "commissioning tool" and "configuration adapters" to assist in the transfer of configuration data to a wired or wireless network device being configured. | Disputed insofar as incomplete: The installation is missing "… installing said devices according to said created design." | *See, e.g.*, '276 patent, 25:1-5. |
| 8 | A "commissioning tool" is defined as "a (usually portable) unit used to deploy and configure devices." | Disputed insofar as incomplete: The master controller 103 may use the access points 200 with configuration adapters 204 as commissioning tools 104." | *See* '276 patent, 13:7-8. |
| 9 | An example of a commissioning tool is a PDA, or personal digital assistant. | Undisputed. | |
| 10 | A "configuration adapter" is defined as "a component …which receives and stores configuration data." | Disputed. | *See* '276 patent, 14:47-48 and Fig. 7. |
| 11 | Figure 7 of the '276 Patent illustrates a configuration adapter as a block diagram having three functional blocks: device contact interface 701, control and memory module 700, and configuration interface 702. | Disputed, insofar as the description states that the illustration is "in accordance with the invention." | |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 12 | According to the '276 Patent, "device contact interface 701 may be a standard communication interface …or a standard control interface." | Undisputed (without supplied emphasis). | |
| 13 | "[C]onfiguration interface 702 implements identical configuration link communication protocols (such as ISO 14443)." | Undisputed (without supplied emphasis). | |
| 14 | ISO 14443 is an industry standard for NFC. | Disputed as an overbroad statement. ISO/IEC 14443 is the international Standard for proximity contactless smart cards. NFC can be accessed by an ISO 14443 RF interface. | *See* '276 patent, 14:53-57; Declaration of Anthony G. Rowe, dated December 4, 2020 ("Rowe Dec.")[2] ¶¶ 67-68. |
| 15 | Control and memory module 700 "may be used to store the loaded configuration data and to control the adapter." | Undisputed. | |

---

[2] Attached as Exhibit 2 to Abramson Dec.

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 16 | Storing data and performing control are the conventional functions of a conventional computer component known as a microcontroller. | Disputed insofar as it is asserting that Control & Memory Module 700 is a standard microcontroller; that language only used for CT Controller 400, Wireless Device Controller 500, and AP Controller 600. | *See* '276 patent, 13:40-14:46. |
| 17 | Claim 1 concludes with two "wherein" clauses. | Undisputed. | |
| 18 | The first wherein clause recites that "said commissioning tool comprises a configuration adapter for a complementary configuration link" with the configuration adapter of a network device being configured. | Undisputed. | |
| 19 | According to the '276 Patent, the configuration adapters of the commissioning tool and the network devices being configured "implement identical configuration link communication protocols." | Undisputed. | |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 20 | The second wherein clause recites: "of the configuration adapters included in the system, only said configuration adapter of said commissioning tool must be powered-up during data communication between said at least one commissioning tool and said devices." | Undisputed. | |
| 21 | Independent claim 17 recites a system for performing the method of claim 1. | Disputed. | '276 patent, 27:14-40. |
| 22 | The functions performed by the elements of the system of claim 17 correspond to the steps of claim 1. | Disputed insofar as the assertion implies one-to-one correspondence. | |
| 23 | The system of claim 17 employs the same "commissioning tool" and "configuration adapters" as claim 1. | Undisputed insofar as "same" means "same definition." | |
| 24 | Claim 17 concludes with the same two wherein clauses as claim 1. | Undisputed. | |
| 25 | In addition, claim 17 recites "a design system for creating and storing a design of a network." | Undisputed. | |

| # | Assertion | Response/Counter | Evidence |
|---|---|---|---|
| 26 | The "design of a network" recited in claim 17 includes the same elements and limitations as the "design of said network" recited in claim 1. | Undisputed. | |
| 27 | Claim 17 also recites "a control system comprising at least one commissioning tool" for installing network devices according to the created network design. | Disputed insofar as the text of the claim speaks for itself. | |
| 28 | The '276 Patent states that configuration data may be downloaded into a device with "no need to power-up the configuration adapter." | Undisputed. | |
| 29 | An unpowered mode of operation is explicitly recited in dependent claim 23: "wherein said configuration interface [of said configuration adapters] is operating with no need to power-up the corresponding configuration adapter." | Undisputed. | |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 30 | Independent claims 1 and 17 recite a power-up requirement for one adapter—"only said configuration adapter of said commissioning tool must be powered-up during data communication"—but do not recite the operating power state of other adapters. | Disputed, the language speaks for itself. | |
| 31 | The patent specification never describes how to operate a device without power or how to receive and store data without power, except to say that "the download [of configuration data to devices being configured] may be carried out by contactless technologies (such as RFID/NFC) or by contact technologies (such as 1-Wire)." | Disputed. | '276 patent, 14:53-57. |
| 32 | TDN did not invent NFC. NFC is a general-purpose communication protocol based on a much older technology known as radio frequency identification ("RFID"). | Disputed. | *See* D.I. 70-1 at PDF pp. 37, 48 (NFC is specifically a short range protocol used in "proximity," "nearby").<br><br>The patent does not claim to have invented NFC. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 33 | The features and operation of NFC devices are specified in the international industry standard known as ISO 14443. | Disputed, insofar as ISO 14443 specifies some features and operation of some NFC devices. | |
| 34 | The '276 Patent explicitly references the existing NFC standard for use in communicating configuration data, stating that "the configuration interface [of the configuration adapters] implements identical configuration link communication protocols (such as ISO 14443)." | Undisputed that the '276 patent references ISO 14443, but characterization of ISO 14443 is disputed. | *See generally* D.I. 70-1 at PDF pp. 44-61. |
| 35 | The first edition of ISO 14443 was published in four parts between April 2000 and July 2001, more than six years before the priority date of the '276 Patent. | Undisputed. | |
| 36 | The first edition of ISO 14443 included support for wireless transfer of power to an unpowered device. | Undisputed. | |

| # | Assertion | Response/Counter | Evidence |
|---|---|---|---|
| 37 | Devices defined by ISO 14443 communicate by inductive coupling. Inductive coupling means that two devices interact through an electromagnetic field rather than wires. | Undisputed. | |
| 38 | ISO 14443 defines an unpowered device that receives data by inductive coupling, namely, a "proximity card (PICC)" "into which integrated circuit(s) and coupling means have been placed and in which communication to such integrated circuit(s) is done by inductive coupling in proximity of a coupling device." | Undisputed. | |
| 39 | ISO 14443 also defines a powered device that uses inductive coupling to transfer power and communicate data to the unpowered device, namely, a "proximity coupling device (PCD)" which is a "reader/writer device that uses inductive coupling to provide power to the PICC and also to control the data exchange with the PICC." | Undisputed. | |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 40 | ISO 14443 specifies that the powered PCD device "shall produce an energizing RF [radio frequency] field which couples to the [unpowered PICC device] to transfer power and which shall be modulated for communication." | Undisputed. | |
| 41 | The first edition of ISO 14443 included support for writing data to the memory of an unpowered device. | Undisputed. | |
| 42 | The powered device of ISO 14443, known as a proximity coupling device, is a "reader/writer device." | Undisputed. | |
| 43 | The unpowered device of ISO 14443—the PICC—includes integrated circuits "designed to perform processing and/or memory functions." | Undisputed. | |
| 44 | According to ISO 14443, "communication to such integrated circuit(s) is done by inductive coupling in proximity of a coupling device." | Undisputed. | |
| 45 | TDN did not invent the concept of using NFC to configure network devices or transfer network configuration data. | Disputed. | *See* Rowe Dec. ¶¶ 69-73. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 46 | A 2004 presentation published by Philips Electronics states: "NFC can be used as a virtual connector for quickly establishing other types of wireless communication between devices. By bringing two devices close together, it can automatically configure and initialize other wireless protocols such as WiFi and Bluetooth." | Undisputed as to the text of the document. The stated function can be done by just reading parameters, as Defendants state in #47. | *See* Declaration of Anthony G. Rowe, dated January 28, 2021[3] ¶ 4 ("Dr. Caloyannides' diagram shows, within the PN531, ROM and RAM. The ROM . . . cannot be written to[ and t]he RAM . . . loses its data when power is removed. The PN531 is a data pipe that lacks persistent internal storage and needs a host controller and power to operate. It falls considerably short of what is required to function as a configuration adapter in the claimed invention."). |
| 47 | The same 2004 presentation by Philips states: "NFC can also bootstrap other wireless protocols like Bluetooth or Wireless Ethernet (WiFi) by exchanging configuration and session data." | Undisputed as to the text of the document. | |

[3] Attached as Exhibit 3 to Abramson Dec.

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 48 | The field of endeavor relevant to the '276 patent is configuring networks of wired or wireless devices in the context of control automation, sensing and/or other industrial computer networking systems. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 29-32. |
| 49 | RFID was outside the area of expertise of a person of ordinary skill in the art as of November 2007. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 38-39. |
| 50 | The specification of the '276 patent addresses the steps of the process prior to the invention by which devices were brought up on networks. | [Plaintiff's assertion.] | Rowe Dec. ¶ 44; '276 patent, 1:46-53. |
| 51 | The sequence and content of procedural steps to design, install, and form a network of wired and wireless devices in accordance with the '276 patent differs from the steps practiced prior to the invention. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 46-47. |

| # | Assertion | Response/Counter | Evidence |
|---|---|---|---|
| 52 | The incorporation of a new physical hardware element, the configuration adapter, into the process of networking automation devices, enables the unpowered configuration and subsequently the automatic initialization of the devices on the network. The claims to the modified process are not "software" or "computerization" claims. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 48-52. |
| 53 | A configuration adapter in accordance with the claims of the '276 patent was not a routine or conventional electronic component as of November 2007. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 62-68. |
| 54 | Defendants have cited no published examples prior to the November 2007 initial filing date of the '276 patent showing the use of a configuration adapter to configure an industrial automation device to form a network, nor is Plaintiff's highly qualified expert aware of any such examples. | [Plaintiff's assertion.] | Rowe Dec. ¶ 65. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 55 | The potential capability of RFID storage devices to facilitate a complex operation such as commissioning a network were outside the field of endeavor reflected in the '276 patent and would not have been appreciated by persons of ordinary skill in the field at the time. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 66-67. |
| 56 | The '276 patent does not reflect the mere automation on a computer of the sequential steps of a pre-existing process. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 56-57. |
| 57 | The Smith reference (D5) was first published on February 21, 2008 after the claimed priority date of the '276 patent (and after its invention). | [Plaintiff's assertion.] | D.I. 70-1 at PDF p. 303; '276 patent at 1. |
| 58 | The first commercial availability of devices incorporating the features of a configuration adapter is reflected in STMicroelectronics introduction of the M24LR line of chips in 2010. | [Plaintiff's assertion.] | Rowe Dec. ¶ 62; Rowe at Ex. D. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 59 | Among the procedural differences referred to in 52 the device initialization and network formation are deferred until after the steps of commissioning the devices to be deployed in the network, and that physical device installation may be deferred as well. | [Plaintiff's assertion.] | Rowe Dec. ¶ 46. |
| 60 | Dua, U.S. Pat. No. 8,244,179, like ISO 14443, discloses stored device profiles which may be used to set up pairings with other devices. However, these develop on the device during operation, and are used during operation to pair with other devices. There is no disclosure of using this technique to form network connections automatically on device initialization. Dua discloses that the RFID tag may be passive, but in that case "there is no option to update the tag information, so the information only the Bluetooth serial number of the headphone unit 152." | [Plaintiff's assertion.] | D.I. 70-1 at PDF p. 382, 17:49-18:3. Rowe Dec. ¶ 71. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 61 | Teraura, U.S. Patent No. 6,873,259 proposed an RFID tag for use as an electronic ID device. Though it did disclose embodiments in which a running computer could read data on the tag through an electronic interface, there is no suggestion to use the tag for any configuration setup of a device. | [Plaintiff's assertion.] | Rowe Dec. ¶ 73. |
| 62 | Spencer, U.S. Pat. No. 6,712,277, is directed to a memory card for use with devices such as "cameras and PDAs." It says nothing about adapting any of its circuitry as a component to be built into another device as a repository for initialization information to set up network connections. | [Plaintiff's assertion.] | Rowe Dec. ¶ 72. |
| 63 | Philips discloses setting parameters on an individual device. While it notes that NFC does not require applied power, it does not disclose configuring devices in advance via NFC without power and to power them and initialize them later in order to automatically form a network | [Plaintiff's assertion.] | D.I. 70-1 at PDF p. 78. |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 64 | The "PICC" of ISO 14443 lacks disclosure of a device contact interface. | [Plaintiff's assertion.] | Rowe Dec. ¶¶ 67-68 (no "disclosure in ISO 14443 of what to do with the information written to the unpowered memory on the card"). |
| 65 | All claims of the '276 patent incorporate specific structural apparatus and physical procedural limitations and therefore none of the claims preempt all activity in the field. | [Plaintiff's assertion.] | Rowe Dec. ¶ 90. |
| 66 | The independent claims of the '276 patent are directed to simplifying and automating the initialization, location and binding of devices in large networks by performing device configuration with all parameters and data required therefor, in advance of powering and initializing the devices. | [Plaintiff's assertion.] | '276 patent, 1:42-67 (installation challenges), 2:5-3:3 (shortcomings of the prior approaches). 3:4-6 (the patent's statement of the needs being addressed), 24:60-25:17 (claim 1), 27:14-40 (claim 17). |

| # | Assertion | Response/Counter | Evidence |
|---|-----------|------------------|----------|
| 67 | Claims 4, 5 and 7-14 are further directed making the address spaces of wired and wireless network segments and devices compatible so both types of segments and devices can be integrated into a unified design that may be used in commissioning all of the wired and wireless devices. | [Plaintiff's assertion.] | '276 patent, 4:5-14, 11:39-46, 20:1-36, 25:22-37 and 25:42-26:60 (claims 4, 5, and 7-14); Rowe Dec. ¶ 80. |
| 68 | Claims 15 and 16 are further directed to adapting the installation process by introducing steps to facilitate the automatic association of a device to be commissioned with its physical location in the network design. | [Plaintiff's assertion.] | '276 patent, 21:55-22:43, 26:61-27:14 (claims 15 and 16); Rowe Dec. ¶¶ 82-83. |
| 69 | Claims 18-20 and 22-25 are further directed to scaling up the methodology provided per the independent claims to network designs comprising multiple interconnected devices including individual devices as well as access points and controllers. | [Plaintiff's assertion.] | *E.g.*, '276 patent, 4:46-47 (master controller), 12:65-67, 15:11-18, Table 4, 27:41-28:13 and 28:16-40 (claims 18-20 and 22-25); Rowe Dec. ¶¶ 84-89. |

Dated: March 12, 2021

/s/ *David L. Finger*_____
David L. Finger (#2556)
Finger & Slanina, LLC
One Commerce Center
1201 North Orange Street, 7th Floor
Wilmington, Delaware 19801-1186
Telephone: (302) 573-2525
dfinger@delawgroup.com
*Attorneys for Plaintiff TriDiNetworks
Ltd.*

OF COUNSEL:
Ronald Abramson
Ari J. Jaffess
Alex G. Patchen
David G. Liston
M. Michael Lewis

LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Avenue, 46 FL
New York, New York 10174
Telephone: (212) 257-1630

## CERTIFICATE OF COMPLIANCE

The foregoing Plaintiff's Statement of Disputed Facts complies with the type-volume limitations of the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases and this Court's Scheduling Order (D.I. 41, 60). The responsive and opposing text of the Statement was prepared in 14-point Cambria font and contains 1,377 words.

/s/ *David L. Finger*
David L. Finger (#2556)
Finger & Slanina, LLC
One Commerce Center
1201 North Orange Street, 7th Floor
Wilmington, Delaware 19801-1186
Telephone: (302) 573-2525
dfinger@delawgroup.com
*Attorneys for Plaintiff TriDiNetworks Ltd.*

Dated:  March 12, 2021